Filed 5/27/14  In re Cory I. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **In re CORY I., a Person Coming Under the Juvenile Court Law.** | |
| **THE PEOPLE,** | |
| Plaintiff and Respondent, | **A139423** |
| v. | |
| **CORY I.,** | **(San Francisco County Super. Ct. No. JW136243)** |
| Defendant and Appellant. | |

The juvenile court found Cory I. aided and abetted a robbery and placed him on probation with various terms and conditions.  On appeal, he contends insufficient evidence supported the juvenile court's jurisdictional finding.  We affirm.

PROCEDURAL BACKGROUND

A June 2013 Welfare and Institutions Code, section 602, subdivision (a) petition alleged appellant committed robbery (Pen. Code, §§ 211, 212.5, subd. (c)),[1] assault with a deadly weapon (§ 245, subd. (a)(1)), battery (§ 243, subd. (d)), receiving stolen property (§ 496, subd. (a)), and misdemeanor destruction of evidence (§ 135).  The petition included great bodily injury allegations (§ 12022.7, subd. (a)) attached to the robbery, assault, and battery counts.

---

[1]     All further undesignated statutory references are to the Penal Code.

1

Following a contested jurisdictional hearing, the juvenile court found the robbery count true and found the other four counts not true. The court found the great bodily injury allegation attached to the robbery count not true. Subsequently, the court declared appellant a ward of the court, placed him on probation in his mother's home, and imposed various conditions. This appeal followed.

## FACTUAL BACKGROUND

Around 11:00 p.m. on June 4, 2013, the victim, Andy Miranda, was walking home from work through San Francisco's Mission District. A young man walked past him and asked, "Hey, what's up, man?" The young man then, without warning, hit Miranda on the back of the head.

Miranda fell to the ground and the assailant continued to hit him. The assailant then held Miranda down and demanded that Miranda give up his property; Miranda handed over his wallet. As Miranda fell to the ground, he saw other people running toward him from across the street. They surrounded Miranda as he lay on the ground; one of them was appellant. Appellant stood about a foot away from Miranda. Appellant did not hit Miranda or say anything during the robbery.[2]

Appellant stood next to Miranda for 10 or 15 seconds, during which another person pulled out a knife and demanded more property from Miranda. Miranda handed over his cell phone and everyone but Miranda ran away.

Later that evening, a San Francisco police officer detained appellant, who was in the presence of other juveniles. The officer saw appellant drop something to the ground, which turned out to be Miranda's cell phone.

## DISCUSSION

Appellant contends insufficient evidence supported the juvenile court's finding he aided and abetted the robbery of Miranda. When evaluating the sufficiency of the

---

[2] On appeal, the parties dispute whether Miranda testified that he was hit while appellant was standing next to him. Because it is clear appellant was present when Miranda's cell phone was taken from him, that dispute is not material to the issue on appeal.

evidence, we consider " 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] An appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.)

Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "A person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164.)

Appellant contends the evidence was insufficient to prove he aided and abetted the robbery, because the evidence showed only his "mere presence" at the scene of the robbery. Although a person's presence at the scene of a crime is not sufficient by itself to sustain a conviction of the person as an aider and abettor (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409 (*Campbell*); *People v. Miranda* (2011) 192 Cal.App.4th 398, 407), the evidence in the present case showed more than appellant's mere presence.

In particular, the evidence showed appellant acted in concert with other persons in surrounding Miranda after he was knocked to the ground. (See *Campbell*, *supra*, 25 Cal.App.4th at p. 409.) The juvenile court could reasonably infer that appellant's conduct in approaching and participating in surrounding Miranda after he was knocked to the ground showed appellant had knowledge of the plan to rob Miranda. (*Ibid.*) The court could further infer that appellant's participation in surrounding Miranda while Miranda's phone was taken away showed that appellant intended to aid that taking, and that appellant's conduct actually aided the robbery by intimidating Miranda and blocking

3

any escape. (*Ibid.* ["Since there is no evidence [the defendant] was surprised by [the active assailant's] conduct or afraid to interfere with it, the jury could reasonably conclude that [the defendant] assumed his position in front of [the victims] to intimidate and block them, divert suspicion, and watch out for others who might approach. Such conduct is a textbook example of aiding and abetting"]; see also, e.g., *In re Juan G.* (2003) 112 Cal.App.4th 1, 5.) Appellant's flight with the other assailants, and his discovery with Miranda's cell phone are further evidence supporting the juvenile court's finding. (*Campbell*, at p. 410; see also, e.g., *People v. Garcia* (2008) 168 Cal.App.4th 261, 274; *Juan G.*, at p. 5.) Appellant's various arguments to the contrary are without merit.

DISPOSITION

The juvenile court's orders are affirmed.

<br><br>

_____

SIMONS, J.

<br>

We concur.

<br><br>

_____

JONES, P.J.

<br><br>

_____

NEEDHAM, J.

4